UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIK HERMANN GREEN,<br><br>Defendant. | No. 2:11-cr-00468-TLN<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Erik Green's ("Defendant") Emergency Application for Release. (ECF No. 409.) The Government filed an opposition. (ECF No. 410.) Defendant filed a reply. (ECF No. 412.) For the reasons set forth below, the Court DENIES Defendant's motion.

A jury convicted Defendant of three counts of wire fraud related to a mortgage fraud scheme on March 19, 2019. (ECF No. 364.) On August 22, 2019, this Court sentenced Defendant to a 27-month term of imprisonment. (ECF No. 379.) Defendant did not begin serving his sentence until January 28, 2020. He is now serving his sentence at USP Lompoc, and his current release date is December 26, 2021.

On April 2, 2020, Defendant filed the instant "Emergency Application for Release," in which he moves the Court pursuant to 18 U.S.C. § 3582(c)(1)(A) to modify his term of imprisonment to time served and impose a special condition that he serve a period of home

1

confinement on supervised release due to the COVID-19 pandemic.  Defendant is 38 years old and claims he suffers from hypertension, which puts him at a greater risk of contracting COVID-19, especially given the conditions of his confinement.  In opposition, the Government argues Defendant's motion must be denied because Defendant failed to exhaust administrative remedies before filing his motion.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, 18 U.S.C. § 3582(c)(1)(A) includes a threshold exhaustion requirement: Defendant cannot seek release from the Court until he first seeks release from the Bureau of Prisons ("BOP") and then after exhausting administrative remedies or the lapse of 30 days.  18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has not met the threshold exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).  Defendant argues instead that this Court "can and should excuse" the exhaustion requirement "given the extraordinary threat posed by the quickly spreading COVID-19 pandemic, particularly as to those prisoners in a high-risk group who are confined in a detention facility." (ECF No. 412 at 8.)

It is unclear whether the Court has the authority to excuse the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A).  While some courts have excused the requirement in the face of the unprecedented COVID-19 pandemic, other courts have not.  For example, district courts are divided in the Southern District of New York, an epicenter of the COVID-19 pandemic.  Some courts in that district have excused the exhaustion requirement under the following: (1) where exhaustion would be futile; (2) where the administrative process would be incapable of granting adequate relief; or (3) where pursuing agency review would subject petitioners to undue prejudice.  *See, e.g.*, *United States v. Perez*, No. 17 CR. 513-3 (AT), 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020) (citations and quotation marks omitted).  Other courts in the same district have declined to excuse the mandatory exhaustion requirement in the absence of clear Congressional approval to do so.  *United States v. Gross*, No. 15-CR-769 (AJN), 2020 WL

1862251, at *1 (S.D.N.Y. Apr. 14, 2020) ("The Supreme Court has explained that courts should not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.") (citation and internal quotation marks omitted).  In declining to excuse the exhaustion requirement, the *Gross* court acknowledged the "growing split" and stated that "the patchwork approaches of courts in this Circuit underscore a great need for clarity — and a more comprehensive solution — from Congress." *Id.* at *2.

        This Court need not and does not decide the issue because Defendant fails to persuade the Court that the particular circumstances of his case warrant such a waiver.  Notably, Defendant does not argue (1) exhaustion would be futile, (2) the administrative process would be incapable of granting adequate relief, or (3) that pursuing agency review would subject Defendant to undue prejudice.  Instead, Defendant simply cites recent decisions wherein other district courts have excused the exhaustion requirement based on COVID-19 concerns.  The Court has read and considered the decisions Defendant cites and finds them to be factually distinct from the instant case.  *See Perez*, 2020 WL 1546422, at *2 (excusing exhaustion requirement where defendant had "undisputed fragile health" and only three weeks left on his sentence); *United States v. McCarthy*, No. 3:17-CR-0230 (JCH), 2020 WL 1698732, at *4 (D. Conn. Apr. 8, 2020) (excusing exhaustion requirement where defendant was 65 years old, suffered from a host of well-documented heart and respiratory ailments, and had only 26 days left on his sentence); *United States v. Zukerman*, No. 16 CR. 194 (AT), 2020 WL 1659880, at *4 (S.D.N.Y. Apr. 3, 2020) (excusing exhaustion requirement where defendant was 75 years old and provided medical records proving he suffered from diabetes, hypertension, and obesity); *United States v. Colvin*, No. 19 Cr. 179, 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (excusing exhaustion requirement because defendant only had 11 days left on her sentence and provided medical records that she suffered from Type II Diabetes and high blood pressure); *Matter of Extradition of Toledo Manrique*, No. 19-MJ-71055, 2020 WL 1307109, at *1 (N.D. Cal. Mar. 19, 2020) (releasing a defendant who was 74 years old and at "risk of serious illness or death if he remains in custody"); *United States v. Powell*, 94 Cr. 316, ECF No. 98 (D.D.C. Mar. 28, 2020) ("[R]equiring defendant to first seek relief through the Bureau of Prisons' administrative process

would be futile because defendant has an open misdemeanor case in Superior Court which . . . renders defendant ineligible for home confinement.").

In most of the foregoing cases, courts excused the exhaustion requirement because the defendants were over 65 years old and/or had severe, well-documented medical problems that put them in a high-risk group for COVID-19.  Many of the defendants also had minimal time left on their sentences, often less than the 30-day waiting period dictated by 18 U.S.C. § 3582(c)(1)(A).  Several of the defendants had in fact taken the first step of filing a request with the BOP.  None of those facts exist in the instant case.  Based on the evidence before the Court, Defendant appears to be young and healthy.  Defendant is 38 years old and fails to provide the Court with any medical records to verify his claim that he has suffered from hypertension "for a long time."  (ECF No. 409 at 2.)  For its part, the Government submits BOP medical records that indicate Defendant did not report any problem with hypertension when he was screened for entry into the facility on January 28, 2020, or at his physical on February 12, 2020.  Although the medical records do reveal a single elevated blood pressure reading, the Court is unable to determine without a diagnosis that the elevated reading is due to hypertension.  The Government also correctly points out that the presentencing report ("PSR") does not mention Defendant's alleged hypertension.  To the contrary, the PSR reports Defendant "is healthy and has no history of health issues."  Lastly, Defendant has only served approximately three months of his 27-month sentence.

Based on these critical factual distinctions, Defendant's cited authority is unpersuasive.  Defendant fails to present other grounds for excusing the exhaustion requirement, and the Court declines to do so in the narrow circumstances of this case.  As it is, Defendant's failure to satisfy the exhaustion requirement provides grounds to deny his motion without reaching the merits.  *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Eberhart*, No. 13-CR-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (declining to excuse Defendant's failure to exhaust administrative remedies in denying a COVID-19 compassionate release motion).

Even if the Court reaches the merits, Defendant is not entitled to relief for many of the same reasons the Court declined to excuse the exhaustion requirement.  Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling

4

1 reasons" for a sentence reduction and such a reduction is "consistent with applicable policy
2 statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  Defendant has
3 not met his burden.

4       The Sentencing Commission's relevant policy statement on compassionate release
5 identifies medical conditions that satisfy the "extraordinary and compelling" requirement.
6 U.S.S.G. § 1B1.13, cmt. n. 1(A).  More specifically, the "extraordinary and compelling"
7 requirement is met where a defendant is (i) suffering from a terminal illness, or (ii) suffering from
8 a serious physical or medical condition, serious functional or cognitive impairment, or
9 deteriorating physical or mental health because of the aging process, "that substantially
10 diminishes the ability of the defendant to provide self-care within the environment of a
11 correctional facility and from which he or she is not expected to recover." *Id.*

12       The Court has been in communication with the United States Marshal's Office who
13 indicated that 69 inmates and 17 staff members at FCI Lompoc have tested positive for COVID-
14 19 as of today's date.  The Court is mindful that people with certain health conditions, including
15 hypertension, can be particularly vulnerable to COVID-19.  However, as mentioned, Defendant is
16 38 years old and fails to provide any medical documentation to confirm that he actually suffers
17 from hypertension.  Moreover, the only medical records before the Court — provided by the
18 Government — suggest that Defendant has no significant health problems.

19       Even assuming Defendant suffers from hypertension, Defendant also fails to sufficiently
20 explain how his condition qualifies as an "extraordinary and compelling" reason for release
21 within the context of 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.  Absent any evidence or
22 argument to the contrary, the Court concludes Defendant is neither terminally ill nor subject to a
23 serious or unrecoverable condition that substantially diminishes his ability to provide self-care
24 within a BOP facility.  *Id.*  Moreover, at age 38, Defendant does not satisfy the statute's age-
25 related conditions.  *Id.*  Put simply, the Court has no way of knowing if Defendant actually suffers
26 from hypertension or whether his condition is serious enough to make him particularly vulnerable
27 to COVID-19.

28       As a whole, Defendant's arguments about COVID-19 are too general and wide-ranging.

*See, e.g.*, *Eberhart*, 2020 WL 1450745, *2 ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement."). Defendant fails to establish his eligibility for compassionate release and does not offer any other statutory grounds for his release.[1] It also bears mentioning that Defendant has continually refused to accept responsibility for his actions and has gone to great lengths to avoid — or at least postpone — imprisonment since his conviction. The instant motion fits squarely within Defendant's usual pattern.

In sum, the Court declines to grant Defendant's request for compassionate release because Defendant failed to exhaust administrative remedies and did not meet his burden to show there are "extraordinary and compelling reasons" for his release.

For the foregoing reasons, the Court hereby DENIES Defendant's Emergency Application for Release. (ECF No. 409.)

IT IS SO ORDERED.

DATED: April 15, 2020

　　　　　　　　　　　　　　　　　　　　　　　Troy L. Nunley
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] To the extent Defendant challenges the conditions of his confinement, venue is improper in the Eastern District of California. "[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Indeed, the Court lacks jurisdiction to consider a § 2241 petition if the petitioner's custodian is outside of the Court's territorial jurisdiction. *See Dunne v. Henman*, 875 F. 2d 244, 248–49 (9th Cir. 1989); *see also Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990). Because Lompoc is located in the Central District of California, Defendant's complaints about conditions at Lompoc must be brought in that district.