UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIK HERMANN GREEN,<br><br>Defendant. | No. 2:11-cr-00468-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Erik Green's ("Defendant") Motion for Reconsideration. (ECF No. 417.) The Government filed an opposition. (ECF No. 418.) Defendant filed a reply. (ECF No. 420.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Defendant of three counts of wire fraud related to a mortgage fraud scheme on March 19, 2019. (ECF No. 364.) On August 22, 2019, this Court sentenced Defendant to a 27-month term of imprisonment. (ECF No. 379.) Defendant did not begin serving his sentence until January 28, 2020. He is now serving his sentence at USP Lompoc, and his current release date is December 26, 2021.

On April 2, 2020, Defendant filed an "Emergency Application for Release," moving the Court to modify his term of imprisonment to time served and impose a special condition that he serve a period of home confinement on supervised release due to the COVID-19 pandemic and pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant is 38 years old and claims he suffers from hypertension, which puts him at greater risk of contracting and suffering severe symptoms from COVID-19, especially given the conditions of his confinement at Lompoc.

On April 16, 2020, this Court denied Defendant's motion for two reasons: (1) Defendant had not yet exhausted administrative remedies through the Bureau of Prisons ("BOP"); and (2) Defendant did not meet his burden to show "extraordinary and compelling reasons" for his release. (ECF No. 413 at 6.) Defendant filed the instant motion for reconsideration on May 19, 2020. (ECF No. 417.)

### II. STANDARD OF LAW

"The Ninth Circuit allows parties to file motions for reconsideration in criminal cases, although the Federal Rules of Civil Procedure do not explicitly provide for such motions." *United States v. Amezcua*, No. 1:93-CR-5046-AWI-1, 2015 WL 5165235, at *1 (E.D. Cal. Sept. 2, 2015), *aff'd*, 670 F. App'x 454 (9th Cir. 2016) (citing *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000)). Pursuant to Local Rule 430.1(i), a party filing a motion for reconsideration of a criminal order must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 430.1(i); *see also United States v. Braswell*, No. 118-CR-00034-DAD-BAM, 2018 WL 8805375, at *1 (E.D. Cal. Sept. 11, 2018).

### III. ANALYSIS

In moving the Court to reconsider its denial of compassionate release, Defendant repeats many of the same arguments the Court already rejected. However, the Court was able to glean at least three "new" arguments from Defendant's motion. First, Defendant argues he has now exhausted administrative remedies because he filed a request for compassionate release with the warden at FCI Lompoc on April 7, 2020. (ECF No. 417 at 3, 8.) Second, Defendant argues that over half the inmates at Lompoc are infected with COVID-19. (*Id.* at 9.) Third, Defendant cites recent decisions wherein other courts have released inmates who have chronic medical conditions that have been identified by the Center for Disease Control ("CDC") as elevating the inmates' risk of becoming seriously ill for COVID-19. (*Id.* at 9–10.) In opposition, the Government argues Defendant has still failed to exhaust administrative remedies or provide medical documentation showing that he is particularly vulnerable to COVID-19. (ECF No. 418 at 1.)

Even assuming Defendant has now met the threshold exhaustion requirement, Defendant ignores the fact that this Court also denied Defendant's original motion on the merits. As discussed in the Court's previous order, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Defendant still has not met his burden.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

One of the reasons the Court denied Defendant's previous motion is that Defendant had not submitted any medical documentation to verify his claim that he actually suffers from

hypertension. The only new evidence Defendant submits with the instant motion is a prescription label indicating a doctor prescribed him Lisinopril on April 22, 2020. Yet the prescription label lacks sufficient information regarding the nature and extent of Defendant's medical condition. For its part, the Government submits updated medical records from the BOP that suggest Defendant met with a doctor on April 22, 2020 and self-reported that he has high blood pressure and has always taken medication for his condition. Defendant's blood pressure was taken and showed an elevated blood pressure reading. Accordingly, Defendant's doctor noted that Defendant has essential (primary) hypertension and ordered the Lisinopril prescription.

What remains absent from Defendant's motion is any evidence — other than Defendant's self-reporting to his doctor and one elevated blood pressure reading — that Defendant has a history of hypertension or that his hypertension is serious enough to make him more vulnerable to COVID-19. Put simply, Defendant still fails to sufficiently explain how essential (primary) hypertension alone qualifies as an "extraordinary and compelling" reason for release within the context of 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. As the Government points out, the CDC has not listed essential (primary) hypertension as a condition that puts individuals at a higher risk of severe illness.[1] Further, the medical records available to the Court indicate Defendant is otherwise young and healthy. Absent any evidence or argument to the contrary, the Court concludes Defendant is neither terminally ill nor subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility. *Id.* Indeed, the records before the Court show Defendant is now properly medicated and his subsequent blood pressure readings have been less elevated since his April 22 appointment.

While the Court is aware that COVID-19 cases at both FCI and USP Lompoc increased significantly after Defendant filed his original motion, most of those inmates have since recovered.[2] As of the date of this Order, the BOP reports only 15 active cases and 157 recovered

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (listing pulmonary hypertension but not essential (primary) hypertension and indicating those with hypertension should manage their blood pressure by taking medication as directed).

[2] Defendant is currently housed at USP Lompoc, but Defendant's motion makes no distinction between the two Lompoc facilities.

inmates at USP Lompoc and 1 active case and 893 recovered inmates at FCI Lompoc.  In sum, Defendant fails to present any new "extraordinary or compelling reasons" that warrant reconsideration.[3]

Moreover, the Court did not address the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors in its previous order because Defendant failed to meet his burden to show "extraordinary and compelling reasons" for his release.  *See* 18 U.S.C. § 3582(c)(1)(A) (requiring a consideration of the § 3553(a) factors before granting compassionate release).  Defendant again fails to meet his burden, which again provides a sufficient basis for denying Defendant's motion without addressing the § 3553(a) factors.  However, the Court does note Defendant has only served approximately four months of his 27-month term of imprisonment.  In other words, Defendant is seeking a reduction from a 27-month sentence to a four-month sentence.  Defendant fails to argue how the § 3553(a) factors support such a low sentence, and the Court declines to drastically reduce Defendant's well-supported, 27-month sentence of imprisonment.

### IV.  CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Reconsideration.  (ECF No. 417.)

IT IS SO ORDERED.

DATED: June 5, 2020

　　　　　　　　　　　　　　　　　　　　　　　Troy L. Nunley
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] The Court has read and considered the recent decisions Defendant cites and finds them to be factually distinct from the instant case. (*See* ECF No. 417 at 9–10.) In most of the decisions, courts found "extraordinary and compelling reasons" for release of defendants who were over 65 years old and/or had severe, well-documented medical conditions that undisputedly put them in a high-risk group for COVID-19. None of those facts exist in the instant case.