UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>ERIK GREEN,<br><br>              Defendant. | No. 2:11-cr-00468-TLN<br><br>**ORDER** |

      This matter is before the Court on Defendant Erik Green's ("Defendant") Application to Release Federal Hold. (ECF No. 440.) The Government filed an opposition. (ECF No. 443.) Defendant filed a reply. (ECF No. 445.) For the reasons set forth below, the Court DENIES Defendant's application.

      On March 19, 2019, a jury found Defendant guilty of three counts of wire fraud in violation of 18 U.S.C. § 1343. (ECF No. 364.) On August 22, 2019, the Court sentenced Defendant to 27 months of imprisonment to be followed by 24 months of supervised release. (ECF No. 377.) On December 15, 2022, while on supervised release, Defendant was arrested in Placer County on state charges, including: possession of a firearm and ammunition by a prohibited person in violation of California Penal Code §§ 29800(a)(1) and 30305; possession of a controlled substance in violation of California Penal Code §11350(a); illegal sexual intercourse with someone under 18 years old in violation of California Penal Code § 261.5(a); sodomy with a

1    person under 18 years of age in violation of California Penal Code § 286(b)(1); and furnishing a

2    minor with marijuana, in violation of California Penal Code § 11361(b)(1).  As a result of this

3    arrest and subsequent investigation, United States Probation filed a petition alleging violations of

4    Defendant's supervised release and requesting that a no-bail warrant be issued.  (ECF Nos. 430,

5    432.)  The Court issued the warrant.  Upon Defendant's state arrest, the United States Marshals

6    lodged a federal hold.  The purpose of the federal hold is to ensure that in the event a defendant

7    posts his state bail, he will automatically enter federal custody.

8        Defendant wishes to post bail in his Placer County case because "[i]t is very difficult to

9    defend a case while in custody."  (ECF No. 440 at 1.)  Defendant argues that posting bail will not

10   result in his release of custody because of the federal hold.  (*Id.*)  Defendant therefore requests the

11   Court release his federal hold so he can bail out in Placer County.  (*Id.*)

12       In opposition, the Government argues Defendant's challenge to the federal detainer is

13   premature and should be denied.  (ECF No. 443 at 2.)  The Government argues Defendant fails to

14   cite any case, statute, or other authority that would permit the removal of the federal detainer.

15   (*Id.*)  The Government contends Defendant has no recourse to address detention until he properly

16   appears before this Court and has no federal constitutional right to resolution of any pending

17   federal supervised release violation petition at this juncture.  (*Id.*)

18       The Court agrees with the Government.  Defendant's application is devoid of any

19   authority that would allow the Court to release the federal hold.  Defendant cites the Bail Reform

20   Act and argues the Court should grant temporary release to allow him to prepare his defense

21   pursuant to 18 U.S.C. § 3142(i).  (ECF No. 440 at 2.)  Defendant's citation to the Bail Reform

22   Act is misplaced.  Defendant has neither appeared in federal court on the pending petition, nor is

23   he in federal custody.  Accordingly, the Bail Reform Act is presently inapplicable.  *See* 18 U.S.C.

24   § 3142(a) (the Bail Reform Act applies "[u]pon the appearance before a judicial officer" in

25   federal court); *see also United States v. Magana-Colin*, 359 F. App'x 837 (9th Cir. 2009) (finding

26   that custody, rather than the issuance of a warrant, triggers the process to address violations of

27   supervised release); *United States v. Repp*, 987 F.3d 1245 (9th Cir. 2021) (finding a defendant's

28   supervised release proceedings had not yet commenced where a warrant arising from a revocation

petition was lodged as a custodial detainer while the defendant was still serving another sentence of imprisonment elsewhere).

Defendant goes on to argue — without citing any authority — that "[i]t is axiomatic that this Court has the authority to release a hold it issued." (ECF No. 445 at 1.) The Court disagrees. Defendant's conclusory, unsupported argument that the Court's authority is "axiomatic" is insufficient to persuade the Court that releasing the federal detainer is proper.

Accordingly, the Court DENIES Defendant's Application to Release the Federal Hold. (ECF No. 440.)

IT IS SO ORDERED.

Dated:  May 9, 2023

Troy L. Nunley
United States District Judge

3